# UNITED STATES DISTRICT COURT
Western District of Kentucky
Owensboro Division

| | |
|---|---|
| Kathryn Nicole Potter<br>    *Plaintiff*<br><br>v.<br><br>TRS Recovery Services, Inc.<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    421 West Main Street<br>    Frankfort, KY 40601 | Case No.  4:24-cv-33-GNS |

## VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Kathryn Nicole Potter against Defendant TRS Recovery Services, Inc.'s for its violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq*. Plaintiff seeks actual and statutory damages.

### JURISDICTION and VENUE

2. Jurisdiction of this court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k. Venue is proper because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Ohio County, Kentucky, which is located within this District.

### PARTIES

3. Plaintiff Kathryn Nicole Potter is a natural person who resides in Ohio County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4. Defendant TRS Recovery Services, Inc. ("TRS") is a Colorado corporation with principal place of business located at 1600 Terrill Mill Road, Suite 400, Marietta, GA 30067. TRS is registered to do business with the Kentucky Secretary of State and is engaged in the business of collecting debts directly or indirectly from Kentucky citizens and consumers on behalf of creditors.

5. TRS is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of

Kentucky as part of its business operations using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

6. On November 30, 2023, Plaintiff Kathryn Nicole Potter ("Potter") placed an order (the "Order") for personal goods through the website Amazon.com ("Amazon").

7. The goods Ms. Potter ordered from Amazon were used for personal, family and/or household purposes, which makes any alleged debt arising out of the Order a "debt" within the meaning of the FDCPA.

8. The goods Ms. Potter ordered from Amazon began to be shipped <u>in part</u> on December 8, 2023.

9. However, on December 8, 2023 Amazon debited the cost of the Order as if it had been completely fulfilled, which it had not, in the amount of $144.44 from Ms. Potter's checking account (the "Checking Account") with Commonwealth Community Bank ("Commonwealth").

10. Amazon received the $144.44 it debited from Plaintiff Poetter's Checking Account.

11. The Order of Plaintiff Potter was fulfilled in full by Amazon by delivery to her address December 12, 2023.

12. Inexplicably, on December 12, 2023, Amazon made a second debit of $112.29 from Ms. Potter's Checking Account even though Amazon had already previously received payment in full for the Order by its previous debit of Plaintiff's Checking Account on December 8, 2023.

13. Ms. Potter did not authorize the December 12, 2023 debit of $112.29 from her Commonwealth Checking Account.

14. The next day on December 13, 2023 the $112.29 Amazon debit of Ms. Potter's Commonwealth checking account was reversed.

15. On December 17, 2023, Defendant TRS Recovery Services, Inc. ("TRS") sent a dunning letter to Ms. Potter on behalf of an original creditor it identified as "AMAZON MARKETPLACE PMTS" (the "Initial Letter"). A true and accurate copy of the Initial Letter is attached as Exhibit "A."

16. Upon information and belief, "AMAZON MARKETPLACE PMTS" is a subsidiary, affiliate, or assumed name of Amazon.

17.     The Initial Letter alleged that Ms. Potter owed Amazon $112.29.

18.     Confused, Ms. Potter responded to the Initial Letter and demanded validation of the alleged Amazon debt.

19.     On January 17, 2024, TRS responded to Ms. Potter's request for validation of the Amazon debt with an itemized accounting of the items ordered from Amazon which comprised the alleged balance of $112.29.

20.     In the itemized accounting provided by TRS, each and every item was set out and was included in the balance of $144.44 Ms. Potter paid via a debit from her Commonwealth Checking Account on December 8, 2023.

21.     The payment of $144.44 made by Plaintiff via debit of her Checking Account has never been reversed or otherwise returned to Plaintiff therefore Amazon did receive payment in full for the Order on December 8, 2023 by debit of $144.44 from Plaintiff's Checking Account.

22.     On January 24, 2024 Plaintiff Potter responded to TRS's January 17, 2024 debt validation letter (the "Potter Response"). A true and accurate copy of the Potter Response is attached as Exhibit "B."

23.     In the Potter Response, Ms. Potter advises TRS that each and every component item of the total alleged balance of $112.29 that TRS was seeking to collect from her had been paid previously by the $144.44 debit of her Commonwealth Checking Account.

24.     On January 30, 2024, TRS sent a further dunning letter to Ms. Potter, ostensibly in reply to the Potter Response (the "Reply Letter"). A true and accurate copy of the Reply Letter is attached as Exhibit "C."

25.     The Reply Letter of TRS references the reversed debit to the Checking Account of $112.29 of December 12, 2023 as if that amount was still owed but ignored and did not reference or acknowledge the $144.44 payment in full Amazon received on December 8, 2023 by its debit of the Checking Account, stating:

> Our records indicate that this matter has still not been resolved. The electronic funds transfer (EFT) you attempted on the Amazon.com website was returned by your financial institution unpaid, and then referred to TRS Recovery Services, Inc. for collection.

26.     Even though Amazon received payment in full from Plaintiff on December 8, 2023, TRS has repeatedly and continuously dunned Plaintiff by mail and phone calls for additional payment Plaintiff does not owe and continues to dunn Plaintiff to attempt to collect the alleged Amazon debt from her by coercion and incessant collection attempts in violation of the FDCPA.

27. TRS violated the FDCPA by *inter alia* attempting to collect an amount of money from Plaintiff she does not owe in violation of 15 U.S.C. §1692f and one or more of its subsections, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

28. TRS has caused Plaintiff to incur actual damages in having to acquire legal counsel to defend her against the wrongful collection attempts against her of Defendant TRS; loss of time Plaintiff has invested in defending against the wrongful collection attempts of TRS; cost of record gathering; out of pocket costs for obtaining payment records, gasoline for travel to obtain information, and postage.

## CLAIMS FOR RELIEF

29. The foregoing acts and omissions of Defendant TRS Recovery Services, Inc. ("TRS") constitute violations of the FDCPA which violations include, but are not limited to:

A. **Violation of 15 U.S.C. §1692e** by representing to Ms. Potter that she owed a debt she had previously paid, thus using false, deceptive, or misleading representation or means in connection with the collection of a debt;

B. **Violation of 15 U.S.C. §1692e(2)(A)** by representing to Ms. Potter that she owed a debt she had previously paid, thus falsely representing the character, amount, or status of a debt;

C. **Violation of 15 U.S.C. §1692e(10)** by representing to Ms. Potter that she owed a debt she had previously paid, thus using false representation or deceptive means to attempt to collect a debt;

D. **Violation of 15 U.S.C. §1692f** by representing to Ms. Potter that she owed a debt she had previously paid, thus using unfair or unconscionable means to attempt to collect a debt;

E. **Violation of 15 U.S.C. §1692f(1)** by representing to Ms. Potter that she owed a debt she had previously paid, thus attempting to collect an amount not owed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kathryn Nicole Potter requests the Court grant her relief as follows:

1. Award Plaintiff the maximum statutory damages pursuant to 15 U.S.C. §1692k for TRS's violations of the FDCPA;

2. Award Plaintiff her actual damages for TRS's violations of the FDCPA;

3. Award Plaintiff her reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as the Court and law make Plaintiff entitled.

        Submitted by:

        /s/ James R. McKenzie
        James R. McKenzie, KBA 81957
        *James R. McKenzie Attorney, PLLC*
        115 S. Sherrin Ave. Suite 5
        Louisville, KY 40207
        Tel:  (502) 371-2179
        Fax:  (502) 257-7309
        E-mail: jmckenzie@jmckenzielaw.com

## VERIFICATION

Plaintiff Kathryn Nicole Potter declares as follows:

1. I am a Plaintiff in the present case and reside in Ohio County, Kentucky.

2. I have personal knowledge of myself and my activities, including those set out in the foregoing *Verified Complaint,* and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on March 22, 2024.

_Kathryn Nicole Potter_
Kathryn Nicole Potter